[Cite as *State v. Kuehl*, 2025-Ohio-4615.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>SETH EUGENE KUEHL,<br><br>    Defendant - Appellant | Case No. 2024 CA 0078<br><br><u>Opinion & Judgment Entry</u><br><br>Appeal from the Court of Common Pleas of Richland County,<br>Case No. 2024 CR 0531 N<br><br>Judgment:   Appeal Dismissed<br><br>Date of Judgment: October 3, 2025 |

BEFORE: Andrew J. King; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: Megan E. Hobart, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Benjamin R. Sorber, for Defendant-Appellant.

*Gormley, J.*

{¶1}   Defendant Seth Kuehl purportedly challenges in this appeal his theft conviction in Richland County.  The trial judge sentenced Kuehl to six months in prison on the theft charge and ordered Kuehl to serve that sentence concurrently with the sentences imposed on him for two robbery convictions.  Because Kuehl's appellate brief in this case does not identify any error tied to his theft conviction, we dismiss his appeal.

**The Key Facts**

{¶2}   In August 2024, three bills of information against Kuehl were filed in the trial court, with each of those charging documents listing a separate felony charge.  The charges alleged that Kuehl, on three different dates in July 2024, had committed two robberies and one theft.  Kuehl pled guilty to all three charges and was sentenced in the three cases at the same time.

**{¶3}** In this appeal, Kuehl challenges his conviction in the theft case (trial court case no. 2024 CR 0531 N). Kuehl pled guilty in that case to a charge of theft from a person in a protected class, and he was ordered to serve a prison term of six months for that fourth-degree-felony offense, with the sentence to be served concurrently with the sentences imposed on him in the two robbery cases that were addressed at the same sentencing hearing.

## Kuehl Does Not Allege Any Error Tied to His Theft Conviction

**{¶4}** Kuehl's brief does not set forth any assignment of error related to his theft conviction. Although the brief refers to all three convictions and the sentences that were imposed by the trial court, Kuehl does not allege that any error occurred in connection with his theft conviction.

**{¶5}** The notice of appeal and the docketing statement for this appeal both refer to the trial-court case for the theft offense: case number 2024 CR 0531 N. And the final appealable order attached to both the notice of appeal and the docketing statement is the sentencing entry for the theft case. Kuehl's appellate brief, however, says nothing about the theft case and instead challenges the trial court's decision to impose consecutive sentences on the robbery charges.

**{¶6}** Whether Kuehl intended to appeal his theft conviction, or whether he instead intended to appeal the robbery conviction in trial-court case number 2024 CR 0530 N, is irrelevant. By attaching to his notice of appeal the sentencing entry for his theft case, Kuehl gave notice to us and to the appellee that he intended to challenge his conviction in that case, He then presented in his brief no assignments of error concerning his theft conviction despite his obligation to do so under Appellate Rule 16(A)(3).

**{¶7}** Dismissal of Kuehl's appeal of his theft conviction is appropriate in these circumstances. *See Bogdas v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-6327, ¶ 20 (10th Dist.) ("this court is required to determine an appeal based upon the assignments of error set forth in the briefs") *TJX Cos., Inc. v. Hall*, 2009-Ohio-3372, ¶ 44 (8th Dist.) (an assignment of error that challenges an order not designated in the notice of appeal "is not properly presented to us for appellate review"); *In re Guardianship of Brady*, 2004-Ohio-5972, ¶ 15 (8th Dist.) ("our review is limited to a review of the judgment designated in the notice of appeal").

**{¶8}** This appeal is dismissed. Any costs must be paid by Defendant Seth E. Kuehl.

By: Gormley, J.;

King, P.J. and

Montgomery, J. concur.